IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONIO D. WOODLEY,** | : | **CIVIL ACTION NO. 1:22-CV-613** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN OF USP ALLENWOOD,** | : | |
| | : | |
| Respondents | : | |

**<u>MEMORANDUM</u>**

Petitioner Antonio D. Woodley ("Woodley") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence entered in the United States District Court for the Southern District of Georgia. (Doc. 1). For the reasons set forth below, the court will dismiss the petition for lack of jurisdiction.

**I.    <u>Factual Background & Procedural History</u>**

On September 27, 2010, a jury convicted Woodley of conspiracy to distribute cocaine and unlawful use of a telephone to facilitate a felony drug distribution conspiracy. <u>United States v. Woodley</u>, No. 4:08-CR-315, Doc. 1255 (S.D. Ga.). On January 24, 2011, he was sentenced to a 210-month term of imprisonment. <u>Id.</u>, Doc. 1299. Subsequently, the United States Court of Appeals for the Eleventh Circuit affirmed Woodley's judgment of conviction. <u>United States v. Woodley</u>, 484 F. App'x 310 (11th Cir. 2012).

On July 5, 2013, Woodley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. <u>Woodley</u>, No. 4:08-CR-315, Doc. 1451. The

sentencing court denied the § 2255 motion and found that a certificate of appealability should not issue. Id., Docs. 1457, 1470, 1471; Woodley v. United States, 2013 WL 6119239 (S.D. Ga.). Specifically, the sentencing court found that the following claims raised by Woodley failed on their face: the indictment was fatally deficient, appellate counsel was ineffective, and abuse of discretion by the sentencing judge. Woodley, 2013 WL 6119239, at *2. The sentencing court then considered Woodley's claim that the sentencing court improperly sentenced him as being responsible for more than 500 grams of cocaine when the jury found him responsible for less than 500 grams of cocaine. Id. The court explained that while the jury convicted Woodley of a conspiracy offense involving less than 500 grams of cocaine hydrochloride, his Presentence Investigation ("PSI") found that the offense involved *at least* 500 grams but less than two kilograms. Id. at *3. The judge adopted the PSI's findings and sentenced Woodley on the basis of more than 500 grams. Id.

Woodley then filed a motion for writ of error audita querela pursuant to 18 U.S.C. § 1651, wherein he requested that the court vacate his sentence. Woodley, No. 4:08-CR-315, Doc. 1491. On October 14, 2015, the sentencing court denied the motion and found that Woodley's claim alleging his special assessments violated double jeopardy lacked merit. Id., Doc. 1558.

On January 21, 2011, the sentencing court considered a *sua sponte* motion under 18 U.S.C. § 3582(c)(2) to determine whether Woodley was entitled to a sentence reduction "based on a guideline sentencing range that has subsequently

been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u)." Id., Doc. 1547.  The sentencing court ultimately denied the motion after considering the policy statement set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a).  Id.

On June 24, 2016, Woodley filed a second § 2255 motion.  Id., Doc. 1573.  The sentencing court dismissed the motion as successive and found that Woodley was not entitled to a certificate of appealability.  Id., Docs. 1574, 1594.  The court also noted that the Eleventh Circuit Court of Appeals repeatedly denied Woodley's requests to file a second or successive petition.  Id., Doc. 1594 (citing In re: Woodley, No. 16-13774 (11th Cir. June 29, 2016); In re: Woodley, No. 16-14188 (11th Cir. July 12, 2016)).

In June of 2017, Woodley again sought authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion based on the United States Supreme Court decision in Mathis v. United States, 579 U.S. 500 (2016), and based on his claim that he was assessed a $100 fee for each of his three convictions, in violation of the prohibition against double jeopardy.  Woodley, No. 4:08-CR-315, Doc. 1609; In re: Woodley, No. 17-12875 (11th Cir. July 10, 2017).  On July 10, 2017, the Eleventh Circuit denied Woodley's application for leave to file a second or successive § 2255 motion.  Id.

On March 2, 2020, Woodley filed a motion for sentence reduction under § 404 of the First Step Act, which the sentencing court denied.  Woodley, No. 4:08-CR-315, Docs. 1683, 1701.

Woodley filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, setting forth the following claims: (1) the sentencing court imposed special assessment fees in violation of the prohibition against double jeopardy; (2) he is entitled to a sentence reduction based on a 2014 amendment to the United States Sentencing Guidelines for non-violent drug offenders; (3) he is entitled to a sentence reduction pursuant to § 404(a) of the First Step Act; (4) the sentencing court improperly sentenced him as a career offender; and (5) the sentencing court improperly sentenced him as being responsible for more than 500 grams of cocaine when the jury found him responsible for less than 500 grams of cocaine. (Doc. 1). For relief, Woodley requests that the court vacate his sentence and immediately release him from custody. (Id. at 11). In response, respondent argues that the petition must be dismissed for lack of jurisdiction. (Doc. 9). The petition is ripe for resolution.

## II. Discussion

Federal prisoners seeking post-conviction relief from their judgment of conviction, or the sentence imposed, are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(e). The Third Circuit Court of Appeals has observed that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 343 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a

federal prisoner's collateral challenge by an application for habeas corpus unless the court finds that a § 2255 motion is "inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); 28 U.S.C. § 2255(e)). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to pursue a § 2241 petition, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (*per curiam*). Significantly, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." Id. at 539. "It is the inefficacy of the [§ 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

In Dorsainvil, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Woodley's present claims fall within the purview of § 2255 because they challenge the validity of his sentence. He has unsuccessfully sought relief in the sentencing court pursuant to 28 U.S.C. § 2255. Thus, he can only bring a challenge under § 2241 if it appears that the § 2255 remedy is inadequate or ineffective to test

the legality of his detention. Woodley has failed to meet this burden. He has previously raised his present claims with the sentencing court, and his claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Woodley cannot seek further relief in this court simply because his § 2255 motions were unsuccessful. Moreover, the denial of a second or successive petition does not make § 2255 relief inadequate or ineffective. See Cradle, 290 F.3d at 539 (stating that a petitioner "cannot contend that § 2255 is inadequate or ineffective to protect him, even if he cannot prevail under it"); Long v. Fairton, 611 F. App'x 53, 55 (3d Cir. 2015) ("Critically, § 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."); Levan v. Sneizek, 325 F. App'x 55, 56-57 (3d Cir. 2009) (denial of motion for leave to file a second or successive § 2255 motion does not render the motion inadequate or ineffective).[1] The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Because Woodley failed to meet his burden of demonstrating that § 2255 is inadequate or ineffective to the challenge the legality of his detention, the § 2241 petition is subject to dismissal.

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

### III.     Conclusion

We will dismiss the petition for writ of habeas corpus for lack of jurisdiction. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     September 19, 2022